JONES *v.* HOUGHTON.

Threatening to sue does not constitute duress.

Partial want or failure of consideration as a defence to a promissory note must be pleaded, where the amount to be deducted is unliquidated.

ASSUMPSIT, on a promissory note for $104.02, dated July 13, 1877, signed by the defendant, and payable thirty days after date to the order of the plaintiff. Plea, the general issue.

The note in suit was given by the defendant for another note of the same amount, signed by the defendant, dated July 10, 1876, payable to the Cleveland Lightning Rod Company or bearer, in one year from date, transferred to the plaintiff before maturity. The defendant claimed that the original note was without consideration, and so the note in suit given for the original note was without consideration. On this point the defendant's evidence was, that the agent of the Lightning Rod Company called on her husband, near her house in Keene, about July 10, 1876, and proposed to put lightning-rods on the house. On inquiry by the husband, the agent said it would cost $47\frac{1}{2}$ cents a foot, and would amount to $30 or $35. The husband said $47\frac{1}{2}$ cents a foot was too much. They then went into the house, and the proposition was stated in presence of the defendant, and she said if it would not cost more than $30 or $35, she thought her husband could pay for it, and it might be done. The rods were put on the house, which

was owned by the defendant in her own right, and the same evening the agent called on the defendant with the note of that date, written for $104.02, and requested her to sign it. Her husband was absent. She thought it was too much. The agent told her she could be compelled to sign it, and she thereupon signed the note. The agent at the same time gave her a guaranty, executed by the company under seal, against injury to the house from lightning for five years. An unusual length of the rods was inserted in the ground, and subsequent measurement showed that the rods, at 47½ cents per foot, would amount to about $60. The building was not struck by lightning while the rods were upon it, and there was no evidence that they were not properly put on, of proper material and construction, nor that they did not as effectually guard the house against lightning as any lightning-rods.

There was no evidence that the plaintiff did not obtain the note in good faith, for value, in the ordinary course of business, nor that he had any notice of any want of consideration or defect in the note, or of the transaction in which it was given, except the plaintiff's own testimony, which was that he was a carriage manufacturer in Cambridge, Mass. He had made and repaired many carriages for the lightning-rod company, and had sometimes made for them the "uprights" or standards carrying the points for the lightning-rods. His account against the company for carriages and labor amounted to $3,000 a year, and he frequently took their notes in part payment. In this way he took the note given for the one in suit about the first of April, 1877, crediting on account the amount for which the note was written. He never before had had any trouble in collecting such notes. He had no knowledge or information of any wrong or fraud connected with the note which he then took, nor of any defence to it.

The defendant also claimed, as a defence, that the plaintiff obtained the note in suit of the defendant by fraud upon her. On this point the defendant's evidence was, that in a year from the date of the original note some one called on the defendant for payment. She said her husband was absent, and she couldn't pay it, and didn't want to do anything about it till her husband came home. The one who called said she must pay it, or do something, or there would be trouble; and he offered to take her note on thirty days for the note he held. She then signed the note in suit and gave it to him. She did not remember that the other note was given to her, or cancelled. She thought it was not. She did not remember that she had it or saw it, then or since. She supposed the man was Jones, because the note she then signed was written payable to Jones, or because she heard some one say it was Jones. She knew the plaintiff, who was present at the trial, was not the man. The defendant testified that when she gave the new note, the man told her the new note would be like the old one, except as to time, and threatened her with a suit if she did not sign the new note.

The plaintiff testified, that after receiving the original note he gave it to Davis, a collecting agent, to collect, and Davis afterwards brought to him the note in suit in place of the original.

The plaintiff moved for a verdict, on the ground that the defendant had produced no evidence competent to charge the plaintiff with notice of any defence to the original note at the time of the transfer, nor of want of value given for it, nor of any fraud or notice of fraud in obtaining the note in suit. The motion was granted. A verdict for the amount of the note, with interest from its date, was taken for the plaintiff, and the defendant excepted.

*D. H. Woodward*, for the defendant.

*Batchelder & Faulkner*, for the plaintiff.

CLARK, J. There was no evidence of fraud in obtaining either of the notes. Threatening to sue does not constitute duress *(Evans* v. *Gale*, 18 N. H. 397, *Alexander* v. *Pierce*, 10 N. H. 494, *Kelley* v. *Noyes*, 43 N. H. 209), and we do not see how the defendant's liability could be affected by the circumstance that she supposed she was dealing with Jones, when in fact it was his agent. There was evidence tending to show that the first note was given for a larger sum than was due, and this evidence would have been competent under a plea of partial want of consideration, if such a defence had been pleaded. The precise amount to be deducted being unliquidated, the evidence would not be admissible under the general issue, in a suit between the original parties (G. L., c. 220, s. 13), and the defendant can stand no better in that respect in this suit than she would in a suit brought by the payee of the original note. It is unnecessary to consider the question of notice.

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.